THOMPSON, Judge.
The Division of Risk Management (the Division) appeals a final judgment awarding appellee back pay in the amount of *246 $111,460.23 and $79,415.37 prejudgment interest. See Tuveson v. Florida Governor’s Council on Indian Affairs, Inc., 495 So.2d 790 (Fla. 1st DCA 1986). The trial court concluded the award was payable from the Florida Casualty Insurance Risk Management Trust Fund as a “general liability” under § 284.30, Fla.Stat. We affirm.
We note that the Division asserts on appeal that its policy limit of. $100,000 precludes it from any liability in excess of that amount. We disagree with this assertion to the extent that the Division relies on the § 768.28, Fla.Stat. $100,000 cap on damages as its basis. However, the fact that the policy in question may contain a $100,-000 policy limit, unrelated to § 768.28, which relieves the Division of any liability in excess of $100,000 was not addressed or established below, nor was any argument presented as to who would be liable for the amount of the back pay and interest which exceeds $100,000. We agree with the trial court’s conclusion that appellee’s back pay and interest award constitute a “general liability” under § 284.30, and therefore affirm the trial court’s conclusion that the Division is liable for the full amount of the award.
AFFIRMED.
WENTWORTH and WIGGINTON, JJ., concur.